# Exhibit G

09:56 10/24/2016

October 20, 2016

Ditech Financial, LLC
PO Box 6176
Rapid City, SD 57709-6176

RE: Loan No: ▇▇▇▇▇▇
QWR/NOTICE OF ERROR

Jared Abelseth or any Ditech Representative:

I'm in receipt of your response to my QWR of August 10, 2016 and to be honest with you, I'm beyond frustrated. Ditech improperly serviced my loan, made mistake after mistake and failed to correct errors after I've pointed them out over and over. The PMI issue has been going on for over year and the issue of the recast offer letter is approaching a year yet you refuse to acknowledge that Ditech has made any mistakes with the exception of this statement "While it is understood that the Recast Offer Letter mailed on March 30, 2016 was delayed, the delay of the notice did not impact the overall balance due on the account."

Need I remind you Jared, the issue on my end was not how the delay of the notice "impacted the overall balance of the account" but how the delay of the notice impacted my personal plans to take the monthly savings the recast would provide and use it to pay off other high interest debt? The other perhaps more important issue is that Ditech did not follow the servicing guidelines set forth by Fannie Mae. Ditech has a duty to properly service loans and my loan WAS NOT PROPERLY SERVICED even after several letters, phone calls and complaints were filed notifying Ditech of the errors.

**NOTICE OF ERROR**

You stated in your letter that my HAMP trial offer was effective February 1, 2010. I have attached three documents that state otherwise, one of which you provided. Two documents are copies of my Three-Month Trial Period Mortgage Payment Coupons issued from Bank of America and Home Affordable Modification Program Trial Period Plan. According to these documents, the trial offer was effective January 1, 2010. I have underlined and highlighted these dates for you. The third document is a letter that you included in you last correspondence of which I did not have a record of. But it clearly states "The $5,000.00 principle balance reduction payment will be payable **the month after the sixth anniversary of the month in which the HAMP trial period plan effective date occurred.**" I have highlighted this for your review.

Ditech has provided me with erroneous information regarding my loan. Please tell me how and when this error will be corrected.

**NOTICE OF ERROR**

Fannie Mae Lender Letter LL-2015-01 released on January 29, 2015 CLEARLY STATES:
"The following table outlines the servicer requirements related to the re-amortization option for Fannie Mae mortgage loans with a Fannie Mae HAMP Modification.
The servicer must...
provide written notice of an option to re-amortize the UPB, excluding deferred principal, over the remaining term of the mortgage loan if at the time of the notice the mortgage loan is in good standing. The written notice must

1

attached letter sent to me in reference to my complaint with the Consumer Protection Financial Bureau dated May 6, 2016 signed by Cindy Leete, Paralegal. I have highlighted and underlined the discrepancies for your review.

Shea Anderson stated the original PMI discourse was not applicable since my loan had been modified by HAMP and that the date my loan was schedule to reach 78% LTV was 8/1/2020.

Cindy Leete stated that according to the terms of my HAMP mod agreement, my loan is scheduled to reach 78% LTV on August 1, 2016. Since she didn't include any documentation to support her claim, one can only assume she just pulled this number out of thin air.

Ditech has changed its stance THREE TIMES NOW since I first requested that PMI be removed! Who is right?

According to the Homeowner's Protection Act of 1998, A servicer must automatically terminate PMI for residential mortgage transactions on the earliest date that: "the principal balance of the mortgage is first scheduled to reach 78 percent of the original value of the secured property (based solely on the initial amortization schedule in the case of a fixed rate loan or on the amortization schedule then in effect in the case of an adjustable rate loan, irrespective of the outstanding balance), if the borrower is current;"

The original date of June 1, 2016 is no longer valid because my loan was modified through the HAMP program. When my loan was modified, it changed from a fixed rate to a step rate loan.

Because the HAMP modification did not alter the valuation of my original loan or any other terms; they are not within the modification agreement, that means that the original valuation $166,000 MUST BE USED. Based on the amortization schedule then in effect; my loan met the requirements for removal on March of 2015 when my balance was $129,368.06. 78% of $166,000 is $129,480.

In order to correct this error, please answer the following questions:

What original value is Ditech using to determine PMI removal?

What document or documents or formula did Ditech use to determine this original value? (Please provide a copy and highlight or underline specifics.)

Does Ditech consider my loan a step rate or a fixed rate?

If the answer is fixed rate, please explain how a rate can adjust three times and be considered a fixed rate?

**NOTICE OF ERROR**

On May 20, 2016, I sent a request to Cindy Leete to cancel my escrow account. The letter was sent via Fed-ex and was received on May 24, 2016. My letter to you dated June 16, 2016 contained the same request. In your letter to me dated July 21, 2016, you stated that "Your request to cancel escrow has been forwarded to our Escrow Department for review. Our Escrow Department is scheduled to review your request within 20 business days. Once they have completed their review, you will be notified of their decision."

I have not received anything regarding my request for cancellation from the Escrow Department and by law, Ditech was required to answer my QWR by July 7, 2016.

Please explain to me why I did not get an answer to my QWR in the time allowed and how Ditech plans to correct this issue.

3

- be provided at least 60 days, but no more than 120 days, prior to the sixth anniversary of the Fannie Mae HAMP modification effective date; ".

Here is the way that it should have worked:
Ditech sends the Recast Offer Letter timely in November 2015. I sign and return by the required deadline which would have been on our around January 1, 2016. The receipt of the incentive payment by Ditech from the Dept. of the Treasury on February 3, 2016 should have triggered the "Agreement for Modification of a Mortgage Reamortization Only (HAMP Modification Assistance)" to be sent to me which I would have returned by the deadline. Receipt by Ditech of the signed agreement to modify would have resulted in my loan actually being recast by March 1, 2016.

As is it stands, the delays have caused the monthly payment amount to increase from the initial offer amount. If the purpose of the recast was to lower the monthly payment amount, the delay has affected that.

Ditech failed to service my loan properly and it has created confusion and delays. Ditech erred in reporting the correct balance on the Recast Offer Letter. The errors were created because of Ditechs failure to send out the recast offer letter in a timely manner. In addition, the letter itself was misleading in regards to the difference in interest and payment amounts with the same term. Ditech omitted the fact that by not recasting the loan, that the term would be shortened, instead showed the term did not change with either payment amount. I've attached the Recast Offer Letter with the discrepancies both highlighted and underlined for your review.

Had Ditech used the Model Recast Notice put forth by the Making Home Affordable, then this confusion would have been eliminated. I've attached the Model Recast Notice for reference, highlighting the examples. The plain fact of the matter is that the $5000 incentive payment decreased the total interest due on the loan and by recasting the loan, consumers would not be paying additional interest and by not recasting the loan, they would actually be paying off the loan earlier. The Ditech Recast Offer Letter led me as a consumer to believe that the recast offer was of no real benefit. I had to plug the numbers into a spreadsheet to make sense of it.

## NOTICE OF ERROR

Though I signed and returned the "Agreement for Modification of a Mortgage Reamortization Only (HAMP Modification Assistance)" on October 19, 2016 (Please see copy of successful fax transmission), there were errors contained in the Agreement. I have attached a copy of those errors both highlighted and underlined as well as outlined them below:

Error 1. – Number 2. – The balance on the first day of the month in which this agreement is made is actually $117,804.65 and not $123,146.24. Please explain how you calculated this amount and why you think the amount is correct. If it is wrong please explain what Ditech plans to do to correct it.

Error 2. – Number 5. – The monthly payment amount is not what is reflected on the recast offer letter of March 30, 2016. That amount is $732.03. Please explain how you calculated this amount and why you think the amount is correct. If it is wrong please explain what Ditech plans to do to correct it.

Error 3. – Number 5. – The monthly payment amount of $761.60 is inaccurate assuming a payoff date of July 2037 which would be 29 months. I'm calculating a payment amount of $760.22. Please explain how you calculated this amount and why you think the amount is correct. If it is wrong please explain what Ditech plans to do to correct it.

## NOTICE OF ERROR

Ditech has erred in calculating the correct automatic termination date of my PMI. Further, you have provided documentation to support your claim of a June 1, 2016 that is CONTRARY to your own statement! Please see the attached letter sent to Ryan Luecke of the BBB dated September 21, 2015 and signed by Shea Anderson as well as the

2

**NOTICE OF ERROR**

According to the Home Owner Protection Act, "The servicer must return all unearned PMI premiums to the borrower within 45 days after cancellation or termination of PMI coverage. Within 30 days after notification by the servicer of cancellation or termination of PMI coverage, a mortgage insurer must return to the servicer any amount of unearned premiums it is holding to permit the servicer to return such premiums to the borrower (12 USC 4902(f))."

You state that my PMI cancellation date was June 1, 2016. Forty five (45) days from June 1, 2016 is July 16, 2016. Ditech violated the Home Owner's Protection Act by taking over 63 days to return the unearned premiums to me. Please explain why Ditech violated the Home Owner's Protection Act and what Ditech plans to do to correct this issue.

Regards,

Traci St. Claire

Enclosures:
Three-Month Trial Period Mortgage Payment Coupons
Bank of America and Home Affordable Modification Program Trial Period Plan
Dispute Resolution Letter, 05/12/2015
Recast Offer Letter
Copy of Fax Transmission dated 10/19/16
Shea Anderson Letter
Cindy Leete Letter

4