IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TRACI ST. CLAIRE | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO.   1:17-cv-03370-AT-JFK |
| | ) | |
| DITECH FINANCIAL, LLC, | ) | |
| f/k/a GREEN TREE SERVICING, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DITECH FINANCIAL, LLC'S
MOTION TO STAY PRETRIAL AND DISCOVERY DEADLINES**

COMES NOW Defendant Ditech Financial, LLC f/k/a Green Tree Servicing, LLC ("Ditech") by and through undersigned counsel, and respectfully moves the Court for an Order staying pretrial and discovery deadlines set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court, pending a ruling on Ditech's Motion to Dismiss Plaintiff's Complaint, [ECF 10].

**Procedural History**

Plaintiff filed her Complaint in the United States District Court for the Northern District of Georgia, Atlanta Division on September 5, 2017.  [ECF 1]. On September 28, 2017 and November 28, 2017, the Parties requested extensions of time for Ditech to respond to the Complaint so that the Parties could pursue

1

settlement negotiations, which this Court granted. [ECF 4, 5, 6, 7]. On December 18, 2017, Ditech timely filed its Motion to Dismiss the Complaint for failure to state a claim. [ECF 10].

## Argument and Citation of Authority

"'Matters pertaining to discovery are committed to the sound discretion of the district court . . .'" *Redford v. Gwinnett County Judicial Circuit*, 350 F. App'x 341, 346 (11th Cir. 2009) (quoting *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). "Upon motion by a party, and for good cause shown, a district court can limit discovery and 'make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .'" *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) (quoting Fed. R. Civ. P. 26(c)). "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Id.* (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)) (alteration in original). This is because "[s]uch a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* Accordingly, "neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*

Here, Ditech's Motion to Dismiss Plaintiff's Complaint is a "[f]acial challenge[] to the legal sufficiency of [] claim[s]" in Plaintiff's Complaint. *Moore*, 141 F. App'x at 807.  "[T]here are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.*  If the Court finds that the Complaint should be dismissed, then the time and resources that the parties expend in conducting discovery and in meeting the requirements for the pretrial deadlines will have been spent unnecessarily.  *See Chudasama*, 123 F.3d at 1367−68 (detailing the costs to the parties and the court for permitting discovery after filing of a motion to dismiss).  Furthermore, any delay caused by staying discovery in this matter will be short-lived.

Therefore, Ditech requests that the Court temporarily stay deadlines required under the Federal Rules of Civil Procedure and the Local Rules of this Court, including the deadlines pertaining to the Parties' Rule 26(f) Conference, Initial Disclosures, the Joint Preliminary Report and Discovery Plan and the commencement of discovery, pending resolution of Ditech's Motion to Dismiss the Plaintiff's Complaint.

## **Conclusion**

For the foregoing reasons, Ditech Financial, LLC respectfully requests that this Court grant its Motion to stay pretrial deadlines and discovery.

This 19th day of December 2017.

                                                */s/ Monika V. Scott*
                                                Mark J. Windham
                                                Georgia Bar No. 113194
                                                *mark.windham@troutman.com*
                                                Monika V. Scott
                                                Georgia Bar No. 558009
                                                *monika.scott@troutman.com*

TROUTMAN SANDERS LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, GA  30308-2216
Phone: (404) 885-3828
*Counsel for Defendant Ditech Financial, LLC*

## CERTIFICATE OF SERVICE

I certify that I have on this day filed and served the within and foregoing *Ditech Financial LLC's Motion to Stay Pretrial and Discovery Deadlines* by using the Court's ECF system, which will send notice of this filing to the following counsel of record:

> James W. Hurt, Esq.
> HURT STOLZ, P.C.
> 345 West Hancock Ave.
> Athens, Georgia 30601
> ***Counsel for Plaintiff***

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

This 19th day of December 2017.

>     */s/ Monika V. Scott*
>     Monika V. Scott
>     Georgia Bar No. 558009