IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRACI ST. CLAIRE,<br><br>        Plaintiff,<br><br>v.<br><br>DITECH FINANCIAL, LLC, f/k/a<br>Green Tree Servicing, LLC,<br><br>        Defendant. | CASE NO. 1:17-CV-03370-AT |

**<u>DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO RECONSIDER REOPENING THE CASE [AND] MOTION FOR
LEAVE TO AMEND AND SUPPLEMENT COMPLAINT</u>**

COMES NOW Defendant Ditech Financial, LLC, f/ka/ Green Tree Servicing LLC, ("Ditech") and submits this Response in Opposition to Plaintiff's "Motion to Reconsider Reopening the Case [and] Motion for Leave to Amend and Supplement Complaint" (the "Motion to Reopen" and "Motion for Leave"). [ECF 33].[1] In support of this Response, Ditech respectfully shows the Court as follows:

---

[1] While the Motion to Reopen and Motion for Leave were filed as one document, it appears that they are two separate motions.

1

## INTRODUCTION

On September 21, 2018, the Court administratively closed this case and referred it to mediation to be conducted by a magistrate judge with pro bono counsel appointed for the Plaintiff. [ECF 32, p. 32]. Accordingly, on September 24, 2018, the case was referred to Settlement Judge Magistrate J. Clay Fuller. Plaintiff filed her Motion to Reopen and Motion for Leave on October 3, 2018, requesting that the Court re-open the case prior to mediation and allow her to file a 78-page Amended Complaint, which adds additional defendants and ten additional causes of action. [ECF 33]. Ditech respectfully requests that Plaintiff's Motion to Reopen and Motion for Leave be denied in order to preserve the valuable time and resources of the Court and the parties, and to allow the parties to work in good faith towards a full and final resolution of this matter at the mediation.

## ARGUMENT AND CITATION OF AUTHORITY

**I.     Plaintiff's Motion to Reopen Should be Denied.**

In support of the Motion to Reopen, Plaintiff argues that the Court should "lift the Administrative Stay of Proceedings" because "I fear that the Settlement Mediation Conference 'might' be a waste of everyone's time because I simply can't agree with any dismissal with prejudice of claims that are unresolved and directly related to this action." [ECF 33, p. 3]. Plaintiff also argues that "I am not

sure that I can settle this matter with Ditech knowing that in so doing, I will most likely release them from ever having to admit to or actually correct its mistake." [ECF 33, p. 4].

Despite the Plaintiff's speculation that she "might" not be able to agree to a settlement, Defendant respectfully submits that mediation will be a valuable use of the parties' time and efforts. As the Eleventh Circuit Court of Appeals has explained, "[t]here is a strong public interest in the expeditious resolution of lawsuits through settlement." *Bradley v. Sebelius,* 621 F.3d 1330, 1339 (11th Cir. 2010). In this case, Defendant has consistently and in good faith attempted to negotiate with Plaintiff's former counsel, and now Plaintiff herself, to resolve this matter amicably. As Plaintiff's former counsel noted in his Motion to Withdraw, Plaintiff's "views of a proper outcome in this matter" were so disparate that he could not "proceed with the matter in a manner that approaches [Plaintiff's] expectations." [ECF 24, p. 2]. Defendant submits that mediation will allow the parties to focus their efforts on resolving this matter instead of engaging in prolonged litigation.

Contrary to the Plaintiff's speculation that mediation will result in an incomplete resolution, Defendant is prepared to work in mediation towards a resolution of Plaintiff's current claims and potential claims asserted in the

Amended Complaint, as well as the correction of any actual errors in the servicing of the subject mortgage loan. Because mediation may obviate the need for continued litigation, Defendant respectfully requests that Plaintiff's Motion to Reopen be denied.

## II.     Plaintiff's Motion for Leave Should be Denied.

In determining whether to grant leave to amend outside of the time period set forth in Federal Rule of Civil Procedure 15(a), the Court may consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment. *Nolin v. Douglas County*, 903 F.2d 1546, 1550 (11th Cir. 1990).  As an initial matter, Defendant notes that Plaintiff's Motion for Leave is premature unless and until Plaintiff's Motion to Reopen is granted. Therefore, Defendant's response to this motion is also premature.  Indeed, at this time, "[a]ll deadlines in this action are **STAYED** and the case is **ADMINISTRATIVELY CLOSED** pending the outcome of the mediation."  [ECF 32, p. 32].

Due to the voluminous nature of Plaintiff's Amended Complaint (i.e., 78 pages, 310 paragraphs, and 12 causes of action), Defendant reserves the right to fully brief its opposition to Plaintiff's Motion for Leave until this motion is ripe for review (i.e., if the Court grants Plaintiff's Motion to Reopen or if the case does not

settle in mediation).  Briefly however, Defendant submits that Plaintiff's Motion for Leave should be denied because of undue delay, as Plaintiff waited more than a year after this case was filed, and after an order on Defendant's Motion Dismiss the Complaint was entered, to file the Motion for Leave.  Whether granted or not, the Court's review of Plaintiff's lengthy Amended Complaint will only serve to delay this case further.  Furthermore, it appears that most of Plaintiff's new claims in the Amended Complaint relate to her alleged overpayment of PMI premiums, which occurred prior to the filing of the original Complaint on September 5, 2017. (*See generally,* ECF 33-1).  Therefore, Plaintiff could have undoubtedly asserted these new claims in her original Complaint.

Furthermore, Defendant will experience undue prejudice if the Motion for Leave is granted.  Plaintiff's original Complaint was over 50 pages long and alleged 16 separate RESPA violations. [ECF 1].  Due to the extensive breadth of the Complaint, Defendant incurred significant costs in reviewing the claims in the Complaint and briefing its Motion to Dismiss. Plaintiff now seeks to amend the Complaint significantly, adding additional defendants, hundreds of new allegations, and ten new causes of action.  If the Motion for Leave is granted, it would essentially require Defendant to start the lawsuit over again because only two of the causes of action in the Amended Complaint were asserted previously

(i.e., for violation of the HPA and RESPA). Finally, an amendment to the Complaint at this time would be futile given the possibility of resolution of all claims in mediation. Therefore, to alleviate the burden on the Court and the parties' time and resources, Defendant respectfully requests that the Motion for Leave be denied.[2]

This 18th day of October 2018.

                                                    */s/ Monika V. Scott*
                                                    Mark J. Windham
                                                    Georgia Bar No. 113194
                                                    *mark.windham@troutman.com*
                                                    Monika V. Scott
                                                    Georgia Bar No. 558009
                                                    *monika.scott@troutman.com*

TROUTMAN SANDERS LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA  30308-2216
Phone: (404) 885-3828
*Counsel for Defendant Ditech Financial, LLC*

---

[2] Plaintiff also expresses concerns that Defendant "keeps a file of recorded conversations for two years." [ECF 33, p. 5]. This concern is unfounded. While Ditech may maintain certain records for two years as a matter of ordinary business practice, records pertaining to this case are not subject to that policy because Ditech has placed a litigation hold on them.

## CERTIFICATE OF SERVICE

I certify that I have on this day filed and served the within and foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER REOPENING THE CASE AND MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT** by using the Court's ECF system, and by depositing a copy of same in Federal Express with adequate first-class postage affixed thereto, addressed as follows:

Traci St. Claire
8390 Emerald Pointe Lane
Gainesville, GA 30506

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

This 18th day of October 2018.

>  */s/ Monika V. Scott*
>  Monika V. Scott
>  Georgia Bar No. 558009

36674259