IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

OCT 29 2018

JAMES N. HATTEN, Clerk
By: DR  Deputy Clerk

TRACI ST. CLAIRE,            )
                             )
    Plaintiff,               )
                             )
                             )  CIVIL ACTION NUMBER:
v.                           )
                             )  NO.  1:17-cv-03370-AT-JFK
DITECH FINANCIAL LLC,        )
f/k/a GREEN TREE SERVICING,  )
LLC                          )
                             )
                             )  JURY TRIAL DEMANDED
    Defendant.               )
                             )

## PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS REPLY TO MY MOTION TO RECONSIDER REOPENING THE CASE AND MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT

This Motion to Strike specifically addresses two key issues; honesty and sincerity.

### STATEMENTS OF FACTS

Prior to the filing of this action in September of 2017, Defendant Ditech was given an opportunity to settle the Home Owner's Protection Act claim for $2796.66. Please see page 25 of the Amended Complaint, ¶ 99.

After this lawsuit was filed, Ditech was provided a new demand but declined

to meet that demand because it had "a number of sound defenses" for a Motion to Dismiss. After being granted two extensions of time to file an answer for a total of eighty one calendar days[1], Defendant filed a Motion to Stay Certain Pretrial and Discovery Deadlines knowing full well that the discovery of a single document or asking a single question might resolve a large portion of the case in my favor.[2] Indeed, many of my RESPA claims are based upon Ditech's refusal to correct the error regarding the termination of PMI or provide proof that it did not err and its refusal to provide an updated amortization schedule that shows when the loan actually reached 78% LTV.[3] Had Ditech provided this information under RESPA in June of 2016 and beyond, this matter "might" have settled without the need for this lawsuit, which I tried for over a year to avoid filing at all.

It is incumbent upon me to remind Ditech that we are here before this Court because of Ditech's own doing and that due diligence, rather than deception should be Ditech's focus going forward.

---

[1] The first extension was provided so that the parties could discuss the facts in this case and the second extension was provided to negotiate settlement. As far as I'm aware, a single email on issues and settlement was exchanged and these extensions where given without my consent or knowledge.

[2] Plaintiff's HPA claim is nearly identical to Rice's claim in Rice v. Green Tree Servicing whereby it was decided by the Court that Ditech had violated when it used the wrong original value and failed to terminate PMI when the LTV reached 78%. Ditech did not appeal.

[3] Request for an amortization schedule is a valid request under RESPA.

1.  **DEFENDANTS FALSE STATEMENTS SHOULD BE STRICKEN FROM THE RECORD**

Ditech's statement that "In this case, Defendant has consistently and in good faith attempted to negotiate with Plaintiff's former counsel, and now Plaintiff herself, to resolve this matter amicably" *is not true at all*. Ditech made one settlement offer through former counsel for an amount that was truly insulting in light of all that has transpired.[4] This was on December 5, 2017.

Ditech's second attempt to discuss settlement occurred on or around May 14, 2018, Ditech *did* reach out to former counsel to discuss settlement again but it was based on the recommendations in the Magistrate's R&R of which I objected to and thus Ditech was informed that we would wait for the Honorable Judge Totenberg's order.[5]

On July 19, 2018, I emailed Mark Windham and Monica Scott to let them know that Jim Hurt had withdrawn and I would be filing a notice to appear pro se. I also provided Ditech with a new settlement demand. On August 7, 2018, I sent a second email since opposing counsel did not acknowledge or reply to my first email.

---

[4] I can't be held responsible for any decisions made by former counsel that didn't involve me.

[5] Defendant sent two emails to discuss settlement to former counsel that I'm aware of. At any time, Opposing counsel could have reached out to former counsel to resolve issues brought up in the many letters sent to Ditech after this lawsuit was filed. The very fact that I sent these letters is evidence that no discussions were taking place that I was aware of.

Mr. Windham acknowledged the receipt of both emails on August 6, 2018 and we conducted a settlement conference via telephone on August 10, 2018 whereby Ditech countered with another figure that I found highly dissatisfactory. This offer was also based upon the Magistrate's R&R. I expected at least a counter offer of settlement from Ditech after that phone conversation and my follow up email. Not one attempt has been made by Ditech since that date to settle this matter and many of my emails to opposing counsel regarding unresolved issues have been ignored.[6]

Defendant was put on notice that I intended to file an amended complaint to include the unresolved issues that we discussed on the phone and that I outlined in several emails. Ditech was also told that if I went through the trouble of filing that, then the previous offer would be "off the table."

On September 14, 2018, I emailed opposing counsel a copy of the amended complaint *before I filed my motion* and gave them yet another opportunity to respond to it and settle before I actually filed it. Though Mr. Windham responded that he would not have time to review it before I planned to file it, he would respond within the week. *He never responded at all.*

---

[6] Attempts to resolve issues and get information using RESPA have also been futile. Each letter ends with instruction to contact opposing counsel with questions. In addition, opposing counsel was aware of these letters and they acknowledge receipt of them but not once has opposing counsel attempted to address any issue therein whatsoever.

On September 20, 2018, feeling extremely apprehensive and agitated, I emailed Ms. McConochie seeking relief from the Court and to speak to the Judge about a restraining order because as this matter stands before the court, each and every letter under RESPA[7] sent to Ditech in an attempt to correct errors or receive information and while this lawsuit is pending ends with my being told to contact opposing counsel with further questions. Yet opposing counsel *has ignored my requests and refuses to discuss any issues.*

On October 10, 2018, I *again* contacted opposing counsel for documents rather than sending yet another RFI under RESPA. Mark Windham said he would ask for them but I have yet to receive the document which was again, a request for an amortization schedule. I *reiterate* that the request for an amortization schedule is a *valid request* under RESPA and Ditech has refused to provide it to me *even after this lawsuit was filed.* As of the date of this motion, I have not received that document. It shouldn't take this long to hit a "print" button. In contrast, I spoke to former servicer, BAC Home Loan Servicing on October 6, 2018 and received a life of loan payment history from them *within five business days*. In addition, on October

---

[7] The Court should take into consideration Ditech's unwillingness to resolve errors and provide information outside of these proceedings and the many opportunities it has had to do so. Instead Ditech has been stubbornly litigious and continues to violate RESPA.

22, 2018, I sent an email to Monika Scott and asked for a counter before mediation and as of the date of this filing, *she has not even acknowledged receipt of the email.*

Ditech has not made any good faith effort to resolve this and if this Court asked for proof from Ditech, *it would not be able to provide it.*

Ditech's statement that "As Plaintiff's former counsel noted in his Motion to Withdraw, Plaintiff's "views of a proper outcome in this matter" were so disparate that he could not "proceed with the matter in a manner that approaches [Plaintiff's] expectations." [8] is in all actuality, *an understatement*. Now Ditech attempts to create bias and convince the courts that a pro se litigant doesn't have the good sense to negotiate (or litigate) on her own, even after this Court used *my objections and the case law that I provided to former counsel to deny Defendant's* **Motion to Dismiss** *in its entirety*. Please see page 54 of the Amended Complaint, ¶ 212.

## 2. ARGUMENT AND CITATION OF AUTHORITY

"The Federal Rules of Civil Procedure provide that 'the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" Stephens v. Ga. Dep't of Transp., 134 F. App'x

---

[8] Former counsel and opposing counsel are in agreement while this court and Plaintiff are thus far, in agreement.

320, 322-23 (11th Cir. 2005) (quoting Fed. R. Civ. P. 12(f)). Fed. R. Civ. P. 12(f). "[M]otions to strike 'are not favored in the federal rules,'" however, "and should not be granted unless clearly warranted." Miller v. Se. Supply Header, LLC, No. CA 09–0067–KD–C, 2010 WL 55637, at *8 (S.D. Ala. Jan. 4, 2010), adopted at *1 (quoting Resolution Trust Corp. v. Youngblood, 807 F. Supp. 765, 769 (N.D. Ga. 1992)). See also Adams v. Jumpstart Wireless Corp., 294 F.R.D. 668, 670 (S.D. Fla. 2013) (citation and internal marks omitted). "The disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations, i.e., those that improperly cast a derogatory light on someone.'" Asher & Simons, P.A. v. J2 Global Canada, Inc., 965 F. Supp. 2d 701, 702 (D. Md. 2013) (citation omitted), partial reconsideration on other grounds, 977 F. Supp. 2d 544 (D. Md. 2013).

Opposing counsel's statements were insincere, dishonest and sought to create a prejudice against me by leading this Court to believe that Ditech had been working toward the resolution of this case when the very opposite was true and that I perhaps did not have the intelligence to represent myself because I disagreed with former counsel.

The plain fact of the matter and with all due respect to this Court and opposing counsel, is that a law degree doesn't make one "always right." Furthermore, and at

least in this case, the absolute proof of this lies in Ditech's Motion to Dismiss which again was denied.[9]

Lastly, Ditech has not listed any dates of correspondence, any particular event or provided any evidence whatsoever of a good faith attempt to resolve this matter.

## CONCLUSION

For the reasons, argument, and citations of authority presented herein, Plaintiff respectfully requests that this Court strike from the record all statements made by Defendant that misrepresent any facts (unless Ditech can provide proof) and any statement that might prejudice me before this Court.

Respectfully submitted, this 29th day of October, 2018.

Traci St. Claire

By: Traci St. Claire
8390 Emerald Pointe Lane
Gainesville, GA 30506
(404) 606-3021

---

[9] Even though I objected to Ditech's Motion to Dismiss, I have no doubt that this Court would have dismissed the motion after a de novo review for plain error.

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

OCT 29 2018

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRACI ST. CLAIRE ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| ) | |
| v. ) | NO.  1:17-cv-03370-AT-JFK |
| ) | |
| DITECH FINANCIAL, LLC, ) | |
| f/k/a GREEN TREE SERVICING, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a copy of the attached PLAINTIFF'S MOTION TO STRIKE… on the following party by way of U.S. Mail.

Mark J. Windham and Monika V. Scott
3000 Bank of America Plaza
Troutman Sanders LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308-2216

Respectfully submitted, this 29th day of October, 2018.

Traci St. Claire
[signature]
By:  Traci St. Claire
8390 Emerald Pointe Lane
Gainesville, GA 30506
(404) 606-3021