FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

OCT 0 2 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **TRACI ST. CLAIRE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| **v.** ) | |
| ) | NO.   1:17-cv-03370-AT-JFK |
| **DITECH FINANCIAL LLC,** ) | |
| **f/k/a GREEN TREE SERVICING,** ) | |
| **LLC,** ) | |
| **FEDERAL NATIONAL** ) | |
| **MORTGAGE ASSOCIATION,** ) | |
| **JOHN DOES,** ) | |
| **JANE DOES, ABC, INC.,** ) | |
| **XYZ, INC.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |

---

### PLANTIFF'S MOTION TO REOPEN THE CASE TO PURSUE CLAIMS AGAINST THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT AS TO THE FEDERAL NATIONAL MORTGAGE ASSOCIATION

COMES NOW, the Plaintiff Traci St. Claire, and files her Motion for Leave

to File Amended Complaint Pursuant to Federal Rules of Civil Procedure 15, 19 and

20 and Local Rule 15.1. I hereby respectfully move the Court to permit me to amend

and substitute portions of my complaint to add an additional claim against defendant

Page 1 of 4

Federal National Mortgage Association ("Fannie Mae"), the proposed amendment

to my complaint is attached hereto as Exhibit A.

## **PROCEDURAL POSTURE BRIEF**

This Action commenced on September 5, 2017. On September 21,

2018, Defendant Ditech's Motion to Dismiss was denied and the parties were

ordered to attend mediation. On October 3, 2018, I filed a motion for leave to

amend and supplement the complaint and add Joinder Fannie Mae along with

Does. On January 23, 2019, the parties attended mediation however no settlement

was reached.

On February 11, 2019, Ditech filed voluntary petitions for relief under

chapter 11 of title 11 of the United States Code in the United States Bankruptcy

Court for the Southern District of New York (the "Bankruptcy Court"),

automatically staying these proceedings. On March 27, 2019, the Honorable Judge

Janet King issued an order recognizing the automatic stay.

## 1.   **MEMORANDUM IN SUPPORT OF LIFTING THE STAY AS TO FANNIE MAE**

Fannie Mae is not a debtor in the Ditech's bankruptcy proceedings and the

automatic stay does not apply to them. The automatic stay of § 362(a)(1) applies

only to certain actions taken or not taken with respect to a debtor, and not with

respect to such action or inaction affecting other parties. See A.H. Robins Co., Inc.

v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986).

## 2.   MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its

pleading only with the opposing party's written consent or the court's leave. The

court should freely give leave when justice so requires." See Knox v. Service

Employees, 567 U.S. (2012) and FTC v. Whole Foods Market, Inc., 548 F.3d 1028,

1033-34 (D.C. Cir. 2008) (Brown, J.)). "Unless a substantial reason exists to deny

leave to amend, the discretion of the district court is not broad enough to permit

denial." In light of the significant factual and procedural developments since I filed

this suit in September 2017, good cause for amending the Complaint is immediately

apparent. Defendants will in no way be prejudiced if the changes are allowed at this

point in the proceedings. Furthermore, there is no apparent reason for denying the

motion to amend, as none of the factors that may militate against it is present in this

case. Consistent with the liberal standard that applies to motions to amend under

Rule 15(a)(2), the Court should therefore grant my motion.

In my proposed Amended Complaint, I seek to:

1.      Add the additional claim of fraud against Fannie Mae under the theories of vicariously liability/respondeat superior.

Plaintiff respectfully submits that there is no substantial reason to deny this timely motion to amend my Complaint. There is no undue delay, bad faith, or dilatory motive present with regard to my motion to amend. Nor is there repeated failure to cure deficiencies with prior amendments.

Finally, there is no undue prejudice to Defendant Fannie Mae in allowing the proposed amendment.

## CONCLUSION

For all of the above reasons, I respectfully request that the Court (1) reopen my case, (2) grant my leave to amend my complaint, and (3) consider the amendment attached hereto as Exhibit A to be filed.

Respectfully submitted, this 2nd day of October, 2019.

**Traci St. Claire**

By:  Traci St. Claire
8390 Emerald Pointe Lane
Gainesville, GA 30506
(404) 606-3021