IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TRACI ST. CLAIRE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No.: 1:17-cv-03370-AT-JFK |
| **DITECH FINANCIAL LLC,** ) | |
| f/k/a **GREEN TREE** ) | |
| **SERVICING, LLC** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**DEFENDANT DITECH FINANCIAL LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN THE CASE**

Defendant Ditech Financial, LLC ("Ditech") files this response in opposition to Plaintiff Traci St. Claire's ("Plaintiff") "Motion to Reopen the Case to Pursue Claims Against the Federal National Mortgage Association and for Leave to Amend and Supplement Complaint as to the Federal National Mortgage Association." (Doc. 51). Plaintiff's motion is due to be denied because (1) the Plaintiff already requested that the Federal National Mortgage Association ("Fannie Mae") be made a party to this litigation and such request was halted by the automatic stay; and (2) Plaintiff's proposed claims against Fannie Mae are for vicarious liability which would require

1

a finding of wrongdoing by Ditech in violation of the automatic stay. For these and other reasons, Ditech requests that the Court deny Plaintiff's motion.

## I.      Summary of Procedural Posture

1.      On September 5, 2017, Plaintiff, through her former counsel, initiated the present lawsuit against Ditech. (Doc. 1). Plaintiff alleged violations of the Homeowner's Protection Act ("HPA") based on Ditech's failure to timely cancel her private mortgage insurance ("PMI") and return unearned premiums, as well as violations of the Real Estate Settlement Procedures Act ("RESPA") based on Ditech's allegedly inadequate responses to her four QWRs. (*See id.*).

2.      On December 18, 2017, Ditech filed a Motion to Dismiss the claims against it. (Doc. 10).

3.      On April 26, 2018, the Magistrate Judge entered a non-final report and recommendation, granting in part and denying in part Ditech's Motion to Dismiss. (Doc. 24).

4.      On July 27, 2018, Plaintiff's former counsel withdrew from the case citing "increasingly disparate" views from his client such that he could not "procced with the matter in a manner that approaches Ms. St. Claire's expectations." (Doc. 27). The Court granted this motion on July 31, 2018. (Doc. 28).

5.      On September 21, 2018, the District Judge accepted in part and rejected

in part Magistrate Judge King's non-final report and recommendation. (Doc. 32). This ruling resulted in Ditech's motion being denied in full. (*See* Doc. 37, p. 1). The Court also administratively closed the case and ordered the parties to mediation. (Doc. 32, p. 32).

6. On October 3, 2018, Plaintiff filed a "Motion to Reconsider Reopening the Case and Motion for Leave to Amend and Supplement Complaint." (Doc. 33). Plaintiff challenged the Court's order, requesting that the Court reopen the case to allow her to file a 78-page amended complaint. (*Id.*). The amended complaint brings revised HPA and RESPA claims against Ditech and also seeks to assert causes of action against Ditech for breach of contract, unjust enrichment, negligence, negligent misrepresentation, fraudulent misrepresentation, conversion, negligent infliction of emotional distress, intentional infliction of emotional distress, and a generic claim for punitive damages. (Doc. 33-1).[1] The amended complaint further names Fannie Mae as a defendant for its alleged vicarious liability for Ditech's actions. (*Id.*).

7. On October 23, 2018, the Court denied Plaintiff's Motion to Reconsider. (Doc. 37). The Court also held that, should the mediation be

---

[1] Plaintiff also asserts a claim for violations of the Truth in Lending Act ("TILA"). This claim, however, is only asserted against Fannie Mae. (Doc. 33-1, ¶¶ 251 – 52).

unsuccessful, Ditech would be given 14 days following the completion of mediation to file a full response to Plaintiff's request to file an amended complaint. (*Id.*, p. 3 n.3).

8. On January 23, 2019, the Parties attended mediation with Magistrate Judge Fuller. The Parties were unable to reach an agreement and the mediation was unsuccessful. (Doc. 45).

9. On February 6, 2019, Ditech filed its Opposition to Plaintiff's Motion to Amend and Supplement Complaint. (Doc. 46). In this Opposition, Ditech explained that Plaintiff had no right to amend her complaint to assert additional claims against Ditech and add Fannie Mae as a party because (1) she engaged in undue delay in waiting over a year to seek leave to file an amended complaint; (2) her proposed amended complaint was a massive shotgun pleading that would unnecessarily complicate the litigation and drain judicial resources; and (3) each of her additional claims against Ditech failed to state a cause of action. (*Id.*).

10. On February 12, 2019, Plaintiff responded to Ditech's Opposition. (Doc. 47). In that pleading, she fully stated her position as to why the Court should allow the additional claims against Ditech and Fannie Mae to be added as a party. (*Id.*).

11. On March 12, 2019, Ditech filed a notice of bankruptcy and advised the

Court that the current litigation was subject to an automatic stay. (Doc. 49).

12. On March 27, 2019, the Court recognized the automatic stay. (Doc. 50). The Court held that should Plaintiff wish to dispute the Court's findings regarding the automatic stay that "such arguments are to be resolved by the Bankruptcy Court in the Southern District of New York," as the bankruptcy court "shall have exclusive jurisdiction to hear and resolve such disputes." (*Id.*, pp. 3 – 4). The Court subsequently ordered the case to be administratively closed. (*Id.*, p. 5).

## II. Argument

### A. Plaintiff Ignores the Court's Order Staying the Case

As discussed above, Plaintiff has already sought leave to add Fannie Mae as a party to this lawsuit. (*See* Doc. 33). Plaintiff made this request on October 3, 2018, as part of her "Motion to Amend and Supplement Complaint." (*Id.*). Plaintiff's Motion was fully briefed, with Ditech filing a Motion in Opposition on February 6, 2019 (Doc. 46), and Plaintiff filing a Reply in Support on February 12, 2019 (Doc. 47). The Court did not rule on Plaintiff's Motion. Rather, the Court, upon learning of Ditech's bankruptcy, stayed and administratively closed the case. (Doc. 50). As part of its Order, the Court explicitly informed Plaintiff that any dispute with this ruling had to be heard in the Bankruptcy Court in the Southern District of New York,

as that court "shall have exclusive jurisdiction to hear and resolve such disputes." (*Id.*, pp. 3 – 4).

Plaintiff ignores the Court's imposition of the automatic stay and the bankruptcy court's jurisdiction. (*See* Doc. 51). Her present motion effectively repeats her request to the Court to rule on her Motion to Amend and Supplement Complaint, despite such Motion already being before the Court when it ordered the case stayed and administratively closed. Plaintiff's current motion states, "I hereby respectfully move the Court to permit me to amend and substitute portions of my complaint to add an additional claim against Defendant Federal National Mortgage Association ("Fannie Mae"). . . ." (Doc. 51, pp. 1 – 2). Plaintiff's Motion to Amend and Supplement Complaint from last year makes a near-identical request to "amend and substitute portions of my complaint, [and] add defendant Federal National Mortgage Association ("Fannie Mae")." (Doc. 33, p. 1). The Court chose not to rule on Plaintiff's Motion to Amend and Supplement Complaint, rather opting to stay the case in deference to the jurisdiction of the Bankruptcy Court in the Southern District of New York. (Doc. 50, pp. 3 – 4). Plaintiff must respect this Court's decision and the bankruptcy court's jurisdiction. She may not ignore both by seeking a premature ruling from the Court to add Fannie Mae to this lawsuit.

### B. Plaintiff's Claims for Vicarious Liability Cannot Proceed as They Require a Finding of Wrongdoing by Ditech

In the present Motion to Reopen the Case, Plaintiff seeks leave to "[a]dd the additional claim of fraud against Fannie Mae under the theories of vicariously [*sic*] liability/respondeat superior." (Doc. 51, p. 4). Even if Fannie Mae were properly added as a party to this lawsuit (which it is not), the automatic stay prevents Plaintiff from seeking these claims.

As an initial matter, respondeat superior "is merely a type of vicarious liability," so both terms involve the same theory of liability. *Atkinson v. Moe's Sw. Grill*, 1:05-CV-3325-CAP, 2008 WL 11333556, at *7 (N.D. Ga. Dec. 12, 2008) n.5 (citing *Laperriere v. Vesta Insurance Group, Inc.*, 526 F.3d 715, 722 (11th Cir. 2008) ("Pure vicarious liability, such as *respondeat superior* liability, attributes liability to one party <u>based on the actions of the other party</u> regardless of any allegation of culpability on the party held vicariously liable.") (emphasis added). "Georgia does not recognize vicarious/imputed liability as a separate cause of action." *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1333 (N.D. Ga. 2009) (citing *Cotton States Mut. Ins. Co. v. Kinzalow*, 280 Ga.App. 397, 399 n. 3, 634 S.E.2d 172, 174 n. 3 (2006)). Instead, vicarious liability is merely "a legal theory in a tort claim" where a plaintiff seeks liability against an entity for torts committed by its servant, employee, or agent within the scope of employment or control.

*Gresham v. Sports Auth., Inc.*, 1:05-CV-385-MHS-CCH, 2005 WL 8155235, at *5 (N.D. Ga. May 27, 2005), *report and recommendation adopted*, 1:05-CV-385-MHS, 2005 WL 8155353 (N.D. Ga. Aug. 23, 2005) (citing *Chorey, Taylor & Feil, P.C. v. Clark*, 539 S.E.2d 139, 144 (Ga. 2000)). As such, for a plaintiff to be successful on a theory of vicarious liability against a party, she must first prove that that party's agent, employee, or servant committed a tort or some other wrongdoing. *Id.*

Here, Plaintiff claims that Ditech and Fannie Mae have a principal-agent relationship, such that Fannie Mae can be held vicariously liable for Ditech's actions. (Doc. 51-1, p. 3). Plaintiff specifically alleges that Fannie Mae is liable for fraud committed by Ditech. (*Id.*). Ditech did not commit any fraud. Further, Ditech disputes that a principal-agent relationship exists between Ditech and Fannie Mae.

In any event, the automatic stay prohibits Plaintiff from pursuing claims against Fannie Mae that hinge on Ditech's liability. In other words, because vicarious liability is not an independent cause of action, but depends on an underlying tort, Plaintiff's claims against Fannie Mae would force Ditech to defend itself against the fraud violations of which it was being accused. *See Anderson*, 678 F. Supp. 2d at 1333 (citing *Kinzalow*, 280 Ga.App. at 399 n. 3, 634 S.E.2d at 174 n. 3). Such a continuation of the litigation would hinder Ditech from being able to

utilize the "breathing spell" permitted by the automatic stay to handle its financial affairs. *See In re Cole*, 552 B.R. 903, 911 (Bankr. N.D. Ga. 2016). In short, Plaintiff's theory of vicarious liability against Fannie Mae is nothing more than an end-around of the automatic stay intended to reignite her case against Ditech. The Court should not permit this behavior and reaffirm its Order staying the case.

### III.   Conclusion

For the foregoing reasons, the Court should deny Plaintiff's "Motion to Reopen the Case to Pursue Claims Against the Federal National Mortgage Association and for Leave to Amend and Supplement Complaint as to the Federal National Mortgage Association," and thereby prevent Plaintiff from disregarding the Court's Order staying the case.

Respectfully submitted this 16th day of October, 2019.

/s/Keith S. Anderson
Keith S. Anderson
Georgia Bar No. 136246
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Phone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@bradley.com

ATTORNEY FOR DEFENDANT DITECH FINANCIAL, LLC

9

## Certification of Compliance

I hereby certify that the foregoing document has been prepared in 14-point Times New Roman font and complies with LR 5.1(B).

This 16th day of October, 2019.

/s/Keith S. Anderson
Keith S. Anderson

## Certificate of Service

I hereby certify that I have this date electronically filed the foregoing **OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN THE CASE** by the CM/ECF online filing system with the U.S. District Court for the Northern District of Georgia and that I have on October 16, 2019, also served the foregoing via U.S. Mail on the following:

Traci St. Claire
8390 Emerald Pointe Lane
Gainesville, GA 30506

/s/Keith S. Anderson
Keith S. Anderson